# EXHIBIT 9



**GULLETT SANFORD**
**ROBINSON & MARTIN PLLC**

150 THIRD AVENUE SOUTH, SUITE 1700
NASHVILLE, TN  37201

**M**  615.244.4994
**F**  615.256.6339
**W**  GSRM.COM

August 18, 2025

**Via Email and Federal Express**
Tyson Marshall
Ashleigh Angeletti
Alphatec Spine, Inc.
1950 Camino Vida Roble
Carlsbad, CA  92008
Email:  Aangeletti@atecspine.com
Email:  Tmarshall@atecspine.com

Dear Ashleigh and Tyson:

As you know, my firm is co-special Litigation Counsel to Richard Webber (the "Trustee"), in his capacity as Chapter 7 Trustee for Absolute Medical, LLC and Absolute Medical Systems, LLC (the "Debtors"), in the jointly administered bankruptcy cases, pending in the Middle District of Florida Bankruptcy Court, Case No. 23-03715 (the "Bankruptcy Cases").

This letter serves as formal demand for turnover and demand for payment arising out of the indemnification provisions of that certain Dedicated Sales Representative Agreement between Alphatec Spine, Inc. and Absolute Medical Systems dated December 1, 2017 (the "Indemnification Provision").  As you know, On January 17, 2025, Magistrate Judge Leslie Hoffman Price issued her Report and Recommendation that, in sum, found that Absolute Medical, Absolute Medical Systems, and Soufleris were jointly and severally liable for violating the 2017 Exclusive Distributor Agreement and caused NuVasive, Inc. ("NuVasive") to incur $19,520,069.00 in damages plus post-judgment interest. Judge Carlos Mendoza of the Middle District of Florida affirmed Magistrate Judge Price's Report and Recommendation in his March 20, 2025, Order. On March 21, 2025, the Judge entered a Judgment in a Civil Case memorizing the Report and Recommendation (as amended by his April 15, 2025, Amended Judgment in a Civil Case, (collectively, the "Judgment"). As such, the Debtors are in debt to NuVasive in the amount of the Judgment. On November 2, 2023, NuVasive filed a proof of claim against each of the Debtors in the amount of the Judgment in the Bankruptcy Cases. The Indemnification Provision obligates Alphatec to satisfy the Judgment and pay NuVasive $19,520,069.00 in damages plus post-judgment interest (the "Debtor Funds") on behalf of the Debtors.

Tyson Marshall
Ashleigh Angeletti
August 18, 2025
Page 2

Pursuant to Section 541 of the Bankruptcy Code, upon the filing of a bankruptcy petition, an estate instantaneously is created consisting of all legal and equitable interests of the debtor, regardless of where such property is located or who holds the property. 11 U.S.C. § 541(a); *In re Matthews*, 380 B.R. 602 (Bankr. M.D. Fla. 2007); *In re American Way Service Corp.*, 229 B.R. 496 (Bankr. S.D. Fla. 1999). Congress intended courts to broadly construe Section 541 to include anything and everything of value a debtor had or could claim. *In re Holywell Corp.*, 913 F.2d 873, 881 (11th Cir. 1990).

Section 542 of the Bankruptcy Code requires, with certain exceptions, that any entity holding property of the estate deliver such property, or the value of such property, to the trustee. Section 542 establishes the "general rule that 'any property of a debtor's estate held by any entity must be turned over to the trustee...'" *In re Newgent Golf, Inc.*, 402 B.R. 424, 431 (Bankr. M.D. Fla., 2009) citing *Boyer v. Davis (In re USA Diversified Products, Inc.)*, 193 B.R. 868, 872 (Bankr. N.D. Ind. 1995), aff'd., 196 B.R. 801 (N.D. Ind. 1996), aff'd. 100 F.3d 53 (7th Cir. 1996).

Based on the foregoing and upon receipt of this letter, please make arrangements to send to the Trustee the Debtor Funds in your possession, as well as copies of any invoices and payment history made on behalf of the Debtors by no later than September 3, 2025.  The Trustee's mailing address is provided below.  In the event the Trustee does not receive the Debtor Funds By September 3, 2025, we will have no option but to file an adversary proceeding, a copy of which is attached hereto as **Exhibit "A"**, in the Debtors' Bankruptcy Cases to recover the Debtor Funds. Please contact me should you have any questions.

Very truly yours,

***s/Christopher W. Cardwell***

Christopher W. Cardwell

cc:    Richard Webber, Chapter 7 Trustee
       c/o Berger Singerman LLP
       Attn: Nicolette Vilmos and Michael Niles
       111 N. Magnolia Avenue, Suite 1450
       Orlando, FL 32801
       nvilmos@bergersingerman.com; mniles@bergersingerman.com

       Ben West,
       Caldarelli Hejmanowski Page & Leer LLP
       3398 Carmel Mountain Road, Suite 250
       San Diego, CA 92121
       dbw@chpllaw.com